*In the matter of the Petition of* JOHN GREY *for a Writ of Habeas Corpus.*

ORDER OF ARREST — *Unlawful Imprisonment.* Where an execution is issued by a justice of the peace on a judgment rendered in his court, and personal property sufficient to satisfy the judgment is levied upon by the constable, and afterward the property is taken in replevin at the instance of a third person, but the levy is not set aside, vacated, discharged, relinquished, or abandoned, and afterward an order of arrest is issued at the instance of the judgment creditor, and the judgment debtor is arrested and imprisoned thereunder, and all this is done while the aforesaid levy is still in full force and subsisting, and without any further effort having been made to obtain satisfaction of the judgment from the personal property of the judgment debtor, *held*, that the imprisonment is unlawful.

*Original Proceeding in Habeas Corpus.*

THE opinion, filed at the session of the court in May, 1889, states the material facts.

*McClure & Marshall*, for petitioner.

*Humphrey & Humphrey*, contra.

The opinion of the court was delivered by

VALENTINE, J.: This is an action of *habeas corpus*, brought originally in this court by John Grey, charging that he is unlawfully restrained of his liberty by W. H. Mackey jr., the sheriff of Davis county. It appears that on December 21, 1888, Bert Putney recovered a judgment before a justice of the peace of said county against Grey for the sum of $55, and costs of suit taxed at $22.35, and on January 10, 1889, an execution was issued on the judgment, and upon such execution the constable made the following return:

"January 10, 1889, served this writ; same day levied on the goods and chattels of the within-named John Grey, one bay horse, one gray mare, and 800 bushels of corn.

" January 12, 1889, property taken on order of replevin by one George Grey.

Fee, $3.20. W. A. WINANS, *Const.*"

On January 17, 1889, the attorney for Putney filed an affidavit before the justice of the peace for an order of arrest, and on the same day the order of arrest was issued, which order of arrest was returned by the constable on January 24, 1889, with the following indorsement thereon:

"January 24, 1889, executed this writ by arresting the within-named John Grey and delivering him to W. H. Mackey jr., sheriff of Davis county, Kansas.

Fees, $2.25.                    W. A. WINANS, *Const.*"

On the next day the defendant filed a counter affidavit denying generally all the allegations of the affidavit filed for the order of arrest, and asking to be discharged, which the justice of the peace refused. From that time up to the commencement of this proceeding, which was on February 18, 1889, and afterward, the sheriff held Grey in custody and imprisoned him by virtue of the foregoing proceedings. On the part of Grey it is claimed that the imprisonment is unlawful for many reasons, only one or two of which will it be necessary for us to mention. Before the order of arrest was issued, it appears that personal property had been levied upon by the constable, sufficient to satisfy the judgment, and that that levy, so far as the proceedings in this case show, has never been set aside, vacated, discharged, relinquished, or abandoned. It is true, as alleged in the respondent's return to the writ of *habeas corpus*, that the property was replevied by one George Grey, who claims to own the same. And it is also true, as alleged in the same return, that the applicant in this case, John Grey, at one time made oath that he was not the owner of the property levied upon; but it does not seem that Putney or the constable or the sheriff has ever admitted that John Grey is not the owner of the property, or that George Grey is, and the levy upon the property still seems to be in full force and subsisting. Now while that levy remained in full force and subsisting, no order of arrest should have been issued. But even after the order of arrest was issued there were still other and further irregularities. The order of arrest, in accordance with the statute, (Justices Act, § 27,) commanded the con-

stable to arrest Grey only in case the judgment should not be paid or an amount of personal property sufficient to satisfy the judgment could not be found within the county whereon to levy execution. But it does not appear that there was any attempt made by the constable or Putney to find any property or to obtain satisfaction of the judgment in any other manner than by the arrest of Grey; nor does it even appear that Grey may not have had an abundance of personal property subject to the payment of his debts and upon which an execution might have been levied. For this reason also we would think the arrest was unlawful, and that it should not be sustained.

It is also claimed by the applicant, Grey, that both the order of arrest and the arrest itself were and are void, for the reason that no bond or undertaking was ever given or entered into by or on the part of Putney, the plaintiff in the action in which the order of arrest was issued. Whether this claim of the applicant is correct or not, we shall not now take the time to consider.

We think the imprisonment of Grey is unlawful, and that he should be discharged; and it is so ordered.

All the Justices concurring.